COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Carl Becker, claimant.

Bristol. Oct. 28, 1879. — Jan. 22, 1880. COLT & AMES, JJ., absent.

A complaint alleged that, on September 24, 1878, intoxicating liquors were kept and deposited by A. in a certain building for sale in violation of law. The search-warrant issued under the complaint recited that the complaint was made on September 24, 1878. The jurat affixed to the complaint was dated "this twenty-fourth day of September in the year one thousand eight hundred and seventy- ." The court, to a special justice of which the complaint was addressed, was established in 1874. *Held*, that the jurat was not the only evidence of the time of making oath to the complaint; and that the record showed that the complaint was sworn to on September 24, 1878.

A warrant issued by a special justice of the First District Court of Bristol at a session thereof at Attleborough, held under the St. of 1877, *c.* 189, may be returned to that court sitting at Taunton.

A recital, in a notice to all persons claiming any interest in intoxicating liquors seized under the St. 1876, *c.* 162, that the seizure was made under a warrant issued by a district court, when in fact it was made under a warrant issued by a special justice thereof, does not invalidate the proceedings.

COMPLAINT, on the St. of 1876, *c.* 162, to a special justice of the First District Court of Bristol, alleging that, on September 24, 1878, certain intoxicating liquors were kept and deposited by Carl Becker in a certain building in North Attleborough, with the intent to sell the same unlawfully in this Common-

wealth, and praying for a warrant to search said premises.    Carl Becker appeared and claimed the liquors seized under the complaint.    In the Superior Court, the claimant filed a motion to dismiss the complaint, the grounds of which appear in the opinion.    The motion was overruled; and the claimant appealed to this court.

*J. Brown*, for the claimant.

*G. Marston*, Attorney General, for the Commonwealth.

SOULE, J.    The search-warrant in this case recites that the complaint was made on the twenty-fourth day of September, 1878, and the complaint alleges that the liquors named in it were kept for unlawful sale on the twenty-fourth day of September, 1878, but the certificate of the magistrate that the complaint was sworn to, and of probable cause to believe it to be true, bears date of " this twenty-fourth day of September in the year one thousand eight hundred and seventy-    ."

The claimant contends that the proceedings ought to be dismissed, on the ground that the complaint appears to have been sworn to in the year 1870, before the District Court, to the special justice of which it is addressed, was established.    This position is not tenable.    The statute requires that the complaint shall be made on oath or affirmation, and that the magistrate to whom it is made shall be satisfied that there is probable cause to believe it to be true, in order to justify the issuing of a search-warrant. St. 1876, *c.* 162, § 1.    It does not provide that the only evidence of the time when the complaint is made and sworn to shall be found in the jurat affixed to it.    In the case at bar, it is probable, from an inspection of the complaint, that it was not sworn to in the year 1870, because the illegal act set forth in it is alleged to have been committed in the year 1878, and because the court, to the special justice of which it is addressed, was not created till the year 1874.    In the absence of other evidence as to the time when the oath was made, it would not be proper to sustain the proceedings merely on the strength of this probability.    But as it further appears from the recital in the warrant, signed by the same magistrate who signed the jurat, that the complaint was made on oath on the twenty-fourth day of September in the year 1878, and the statute, in addition to requiring that the complaint be made on oath or affirmation, requires that the

warrant be supported by the oath or affirmation of the complainants, the record contains affirmative and direct evidence that the complaint was sworn to on the twenty-fourth day of September, 1878. It becomes plain, therefore, that the apparent date of the jurat is a clerical error, for the correction of which the record furnishes ample evidence. There is no reason why this evidence should not be appealed to. The jurat and certificate of the magistrate of probable cause are important only for the purpose of showing that the requirement of the law has been complied with, and that the warrant was not issued until the oath had been administered, and the mind of the magistrate had been satisfied that there was probable cause to believe the complaint to be true. *Commonwealth* v. *Keefe*, 7 Gray, 332. The allegation in the complaint and the language of the jurat left it doubtful when the complaint was sworn to. It was sufficient for the validity of the proceedings that this matter could be made certain by reference to the recital in the warrant.

The claimant further contends that the proceedings should be dismissed, because the notice to the claimant recites that the warrant was issued by the First District Court of Bristol, at the second session thereof, and was not returned to the court at that session, but to the court at Taunton. He contends that, as the St. of 1877, *c.* 189, provides for a daily session of the court at Attleborough, to be held by one of the special justices for the transaction of criminal business, warrants issued by the court at such session cannot lawfully be returned to the court sitting at Taunton. We are not of that opinion. The provision for the session at Attleborough is not the creation of a new court; it is only an enlargement of the power of the existing court. There is but one clerk. The record is kept at Taunton, and we know of no reason why a warrant issued by the court at the special session may not properly be returned to the court at Taunton.

Besides, the St. of 1874, *c.* 293, which created the First, Second and Third District Courts of Bristol County, provides in § 5 that either of the justices of said courts may issue warrants in all proper cases. This authorizes the special justices to issue their own warrants, returnable to their respective courts. The warrant in the case at bar was the warrant of the special justice, under his hand and seal, not the warrant of the court, and was

made returnable to the court. It was well returned to the court at Taunton. The misrecital in the notice to the claimant, as to the source from which the warrant came, is immaterial, because it was of no consequence to the claimant whether the warrant was issued by the court or by the special justice. The motion to dismiss was properly denied. *Exceptions overruled.*