COMMONWEALTH vs. CERTAIN INTOXICATING LIQUORS,
Charles W. Pinney, claimant.

Berkshire.    September 11. — 17, 1883.    FIELD & W. ALLEN, JJ., absent.

A complaint on the Pub. Sts. c. 100, § 30, to a district court, alleged that certain intoxicating liquors were kept and deposited by a certain person in a place named, with the intent to sell the same unlawfully in this Commonwealth; and prayed for a warrant to search said premises. The jurat annexed to the complaint recited that the complainants made oath to the truth of the complaint before said district court, and that it appeared to said court that there was probable cause to believe the complaint to be true; and was signed by S., "Justice of the Peace, Clerk of said Court." The warrant issued on the complaint was in the usual form, was under the seal of the court, bore the teste of the justice of the court, and was signed in the same way as the complaint. *Held*, that the words "Justice of the Peace" were surplusage and immaterial, and did not create any uncertainty in the record.

Upon a plea in abatement, filed in the Superior Court, to a complaint originally made to a district court, evidence is not admissible to contradict the statements in the record of the district court.

A recital, in a notice to all persons claiming any interest in intoxicating liquors seized under the Pub. Sts. c. 100, that the warrant was "issued by the clerk" of the court to which the complaint was addressed, when in fact the warrant was issued by the justice of the court, does not invalidate the proceedings.

COMPLAINT, on the Pub. Sts. c. 100, § 30, to the District Court of Southern Berkshire, alleging that, on September 29, 1882, certain intoxicating liquors were kept and deposited by Charles Pinney in a certain building in New Marlborough, with the intent to sell the same unlawfully in this Commonwealth; and praying for a warrant to search said premises. The jurat annexed to the complaint recited that the "complainants made oath to the truth of the' foregoing complaint before said District Court, and it appears to said court that there is probable cause to believe the foregoing complaint to be true;" and was signed "John K. Siggins, Justice of the Peace, Clerk of said court." The warrant issued on this complaint recited the averments of the complaint; and that it appeared to said court "that probable cause has been shown" for the issuing of a warrant of search; and directed the officer to enter the said premises, and make search, &c. It was issued under the seal of the court, bore the teste of the justice of the court, and was signed in the same manner as the jurat annexed to the complaint.

The record further showed that the liquors named in the complaint and warrant were seized; that notice was ordered to be given to Charles Pinney, and all other persons claiming any interest in the liquors, to appear before the Superior Court at the next term, to answer to the complaint, and show cause why the liquors should not be forfeited; and that such notice was duly issued and served, containing the statement that the warrant was " issued by the clerk of the District Court of Southern Berkshire."

In the Superior Court, Pinney appeared and claimed the liquors so seized, and filed a plea in abatement, for the following reasons : " 1. The complaint in this case was not made to and received by the District Court of Southern Berkshire, as it purports to have been, nor was said complaint sworn to before said District Court, nor did said court adjudicate that there was probable cause to believe the said complaint or the statements therein to be true, as purports to have been done by said court. 2. The warrant in this case was not issued by said District Court of Southern Berkshire, nor did said court adjudicate and find on said complaint that probable cause had been shown for the issuing of a warrant of search, as purports to have been done. 3. The complaint and warrant, and all proceedings under the same, are illegal and void, and give this court no jurisdiction over the property seized on said warrant, and no jurisdiction in this case. 4. The complaint was made to, and received by, and sworn to before, one John K. Siggins, who was a justice of the peace and clerk of said District Court, and said warrant was in fact issued by said Siggins in his capacity as such justice and clerk, all of which acts on the part of said Siggins were unauthorized by law."

The claimant then offered to introduce oral evidence in support of the allegations of the plea in abatement. *Barker*, J., ruled that such evidence was inadmissible ; and overruled the plea. The claimant also objected to the sufficiency of the notice issued to him. But the judge ruled that the notice was sufficient; and adjudged the liquors to be forfeited. The claimant alleged exceptions.

*H. C. Joyner*, for the claimant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

By the Court. The complaint in this case was addressed to the District Court of Southern Berkshire; the court adjudicated that there was probable cause for the issuing of a warrant of search, and issued its warrant in due form, under the seal of the court, bearing the teste of the justice of said court and signed by its clerk. Pub. Sts. *c.* 154, § 30. The words "justice of the peace" added to the signature of the clerk are surplusage and immaterial, and do not create any uncertainty in the record.

The record shows that the proceedings were duly conducted before the District Court for Southern Berkshire, and it was not competent for the claimant to contradict it by oral testimony. *Commonwealth* v. *Hassenger,* 105 Mass. 385.

The recital in the notice to the claimant, that the warrant was "issued by the clerk of the District Court of Southern Berkshire," is at most a merely formal misrecital, which could not mislead or prejudice the claimant. *Commonwealth* v. *Intoxicating Liquors,* 128 Mass. 72.                    *Exceptions overruled.*