COMMONWEALTH *vs.* CORNELIUS LANE.

· Middlesex.   March 31, 1890. — April 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — Evidence — Record — Presumption — Exceptions.*

At the trial, on appeal, of a complaint to a district court for keeping a common nuisance, there was no evidence of the date of the trial in that court except its record, which was not formally put in evidence. The presiding judge told the jury, that this date, if that fact would aid them, was shown in such record. *Held,* that the defendant had no ground of exception.

COMPLAINT to the Third District Court of Eastern Middlesex, for keeping and maintaining a common nuisance, to wit, a tenement used for the illegal sale and keeping for sale of intoxicating liquors, from September 1 to September 9, 1889. At the trial in the Superior Court, on appeal, the evidence as to whether

the defendant sold intoxicating liquors in the tenement on August 3 or September 3 was conflicting; and there was no evidence as to when the case was tried in the district court other than its record, which showed that the defendant was tried and found guilty in the district court on September 18, 1889. The judge instructed the jury, that the date of such trial appeared of record, and might be considered by them if it afforded any assistance in determining the weight to be given to the conflicting testimony.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. H. Winslow*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. The objection in this case appears to be, that there was no other evidence than the record to show when the trial before the district court took place, and that the record of the proceedings in that court was not formally laid before the jury as a distinct piece of evidence. But in case of an appeal, the record is always treated as before the appellate court, and may be referred to for the establishment of any fact of which it is the proper evidence. Oral testimony cannot be received to contradict it as to such facts; *Commonwealth* v. *Intoxicating Liquors*, 135 Mass. 519; and independent evidence of the time of the trial was therefore not called for. It is to be assumed that the record correctly stated the time of the trial in the district court, and, if that fact would aid the jury, it was proper to tell them what was shown in the record. We see no error in the trial.

*Exceptions overruled.*